WALLER, Chief Justice,
dissenting:
¶ 29. Because I believe Kilpatrick is a member of White Hall on MS River, LLC, I would remand this case to the chancery court to determine “the fair value of his interest in the limited liability company as of the date of disassociation based on his right to share in distributions from the limited liability company.” Miss.Code Ann. § 79-29-602 (2009).[4] Therefore, I respectfully dissent,
¶ 30. White Hall on MS River, LLC (“White Hall”) was incorporated as a limited liability company on December 17, 2007. According to financial records admitted into evidence, five individuals, including Kilpatrick, made contributions prior to the effective date of December 20, 2007. No operating agreement existed at the time White River accepted the capital contributions. After the formation of White Hall and the capital contribution of $100,000 by Kilpatrick, Kilpatrick received tax reporting forms for 2008, 2009, and 2010, all identifying his ownership interest as a “general” member and not as a limited member. Edlpatrick hunted on the property and enjoyed the privileges of membership. Beginning in 2008, Kilpatrick was billed for company obligations, and he paid an additional $86,520 in principal and interest on the outstanding note. When Cvitanovich was asked at trial at what point he no longer considered Kilpatrick to be a member, Cvitanovich’s respond was “once we decided to sell it (a portion of the White Hall property to Soterra Corporation),” which took place in April 2010.
*1249 ¶ 31. For an operating agreement to be enforceable under the Mississippi Limited Liability Company Act (MLLCA), it “must initially be agreed to by all of the members.” Miss.Code Ann. § 79-29-306(2)(a) (2009) (emphasis added).[5] At trial, an undated operating agreement signed by only three of the members was introduced into evidence. In fact, there were only three signature lines, leaving out Kilpatrick and Murray Moran, another capital contributor. At trial, Cvitanovich testified that the agreement was signed in August 2008, though exhibits attached to the agreement reflect dates through 2010. Kilpatrick testified he was unaware of the operation agreement until it was produced after this dispute arose in 2010. When Cvitanovich was asked at trial whether at any time he had asked Kilpatrick to sign the operating agreement, Cvitanovieh’s response was “No.” The operating agreement was not signed by all of the members as required by statute, and three of those members cannot decide some time after formation what the rules are, particularly rules that provide that any contribution less than $500,000 would be considered forfeited.
¶ 32. The majority notes the chancellor’s finding of fact that “the creation of White Hill began with an informal gentlemen’s deal” to pay $500,000 to purchase land. Maj. Op. at ¶ 2. But “[a] promise by a member to contribute to the limited liability company is not enforceable unless set out in a writing signed by the member.” Harrell v. St. John, 792 F.Supp.2d 933, 939 (S.D.Miss.2011) (quoting Miss. Code Ann. § 79-29-502(l)).[6] No such writing exists. White Hall’s records reflect that neither Kilpatrick nor any other members had any enforceable obligation to contribute any money or property to White Hall outside their unsupported oral promises.
¶ 33. When an LLC does not have a valid operating agreement, we have to look at the LLC’s certificate of formation and the provisions of the MLLCA to determine how the LLC is managed, operated, and regulated. Matter of Spires v. Lighthouse Sols., 778 N.Y.S.2d 259, 4 Misc.3d 428, 436 (2004). The MLLCA provides that “[a] person becomes a member [of an LLC] on the later of (a) the date of the original certificate of formation is filed by the Secretary of State or (b) the date stated in the records of the limited liability company as the date that person becomes a member.” Miss.Code Ann. § 79-29-301(1) (2009), revised by Miss.Code Ann. § 79-29-301(i) (Rev.2013).
¶ 34. Because the chancellor’s findings of fact and conclusions of law were erroneous, the judgment of the chancery court should be reversed, and this case should be remanded to the chancery court to determine the fair value of Kilpatrick’s ownership interest in White Hall.

. Mississippi Code Section 79-29-602 was repealed effective January 1, 2011. See Miss. Laws 2010, ch. 534, §§ 3 and 4. It is replaced by Mississippi Code Section 79-29-602 (Rev. 2013).

. Mississippi Code Section 79-29-306 was repealed effective January 11, 2011. See Miss. Laws 2010, ch. 532, §§ 3 and 4.

. Mississippi Code Section 79-29-502 was repealed effective January 1, 2011. See Miss. Laws 2010, ch. 532, § 3.